UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| RANDALL MANUFACTURING, LLC, | : | |
|---|---|---|
| | : | MISC. ACTION NO. 3:14-346 |
| Plaintiff, | : | |
| | : | (JUDGE MANNION) |
| v. | : | |
| PIER COMPONENTS, LLC, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## **MEMORANDUM**

Before the court is plaintiff Randall Manufacturing, Inc's ("Randall's") motion to compel discovery responses to its request for production of documents in this post-judgment, enforcement action. (Doc. 17). The plaintiff seeks information to show that the defendant, Pier Components, LLC ("Pier"), and its owner, non-party Fred Piermattei, operated a scheme or artifice to defraud creditors whereby Pier is the mere alter-ego of Mr. Piermattei. Although discovery in aid of execution of a judgment is quite broad, the discovery the plaintiff seeks goes beyond the parameters of supplemental proceedings under Pennsylvania law. Thus, the plaintiff's request will be **DENIED**.

## I. BACKGROUND

On January 16, 2014, a consent judgment in the amount of $300,000.00 was entered in favor of Randall and against Pier in the Northern District of

Illinois pursuant to the terms of a settlement agreement between the parties. (*See* Doc. 2). Pier is a limited liability company organized under the laws of Pennsylvania. It is owned and managed by Mr. Piermattei. However, Mr. Piermattei was not a party to the action in the Northern District of Illinois and was not a party to the consent judgment and is not named in this action.

On June 10, 2014, the plaintiff's consent judgment was filed and registered in this court pursuant to 28 U.S.C. §1963 for purposes of executing on the judgment. The plaintiff was able to recover $33,256.66 against garnishee Susquehanna Bank. (*See* Doc. 14). On August 16, 2016, the court issued a turnover order against garnishee Santander Bank in the amount of $2,450.05. (Doc. 16). As of the date of the plaintiff's motion, the plaintiff believed it could recover that amount without issue. Thus, to date the amount alleged to be due and owing under the consent judgment is $264,293.29.

On September 14, 2016, the plaintiff filed the current motion to compel. (Doc. 17). On October 28, 2016, the plaintiff filed a brief in support of its motion. (Doc. 19). On November 14, 2016, the defendant filed a brief in opposition. (Doc. 21). The plaintiff requests that this court compel the defendant to release "all state and federal tax returns for the last seven (7) years for the individual, [sic] Fred Piermattei." (Doc. 17 ¶5). The plaintiff also requests "all financial statements, loan applications, memoranda, or other records reflecting [the] [d]efendant's financial status prepared or compiled within the last seven (7) years whether prepared by [the] [d]efendant or

2

others." (*Id*. ¶6). The plaintiff seeks this information for the purpose of proving that Pier, the judgment debtor, is the alter-ego of Mr. Piermattei. (*Id*. ¶7). The plaintiff asserts that the relationship between Pier and Mr. Piermattei "warrant[s] a motion to pierce the corporate veil of Pier." (*Id*.).

On April 10, 2017, the court issued an order directing the parties to file supplemental briefs addressing whether the Pennsylvania rule governing relief in supplemental proceedings, Pennsylvania Rule of Civil Procedure 3118, allows for veil-piercing. (Doc. 24). On April 24, 2017, in accordance with the court's order, both parties filed supplemental briefs. (Docs. 25–27). The plaintiff believes that the court can pierce the corporate veil in supplementary proceedings used to enforce a judgment or, in the alternative, even if not allowed, the court should compel discovery responses from Mr. Piermattei so that the plaintiff may determine whether a separate action should be commenced. The defendant maintains that the plaintiff's attempt to pierce the corporate veil goes beyond the scope of Rule 3118 and that the plaintiff must file a separate action in equity. The court agrees with the defendant that the plaintiff cannot pierce the corporate veil in this proceeding, rendering the plaintiff's discovery request improper in this action.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 69 governs the execution process in federal court, including discovery in aid of execution. With respect to procedure, Rule 69 provides as follows:

> The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent if applies.

FED. R. CIV. P. 69(a)(1). Rule 69 also, specifically, allows for discovery in aid of execution.

> In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by procedure of the state where the court is located.

FED. R. CIV. P. 69(a)(1). Thus, with respect to the procedure of supplementary proceedings, the federal rule directs the court's attention to the procedures of the state where the court sits—here, Pennsylvania. With respect to discovery, the federal rule directs compliance with other federal rules on the subject, in addition to the procedural rules of the state where the court sits. Pennsylvania law also, explicitly, allows for discovery in aid of execution. *See* PA. R. CIV. P. 3117.

A district court has discretion when granting or denying discovery in aid of execution. *See Ohntrup v. Makina Ve Kimya Endustrisi Kurumu*, 760 F.3d

290, 296 (3d Cir. 2014). The scope of discovery in civil proceedings is, generally, quite broad. "Parties may obtain discovery regarding nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). Similarly, Pennsylvania Rule of Civil Procedure 3117 is broad and allows a judgment creditor to obtain information necessary to locate any assets of the judgment debtor and begin the process of execution or attachment of that property. *PaineWebber, Inc. v. Devin*, 658 A.2d 409, 412 (Pa. Super Ct. 1995). "[P]laintiffs are not restricted to obtaining discovery from the defendants or garnishees, but may seek discovery from any person who may have information regarding the location of assets of the *judgment debtor*." *Id.* at 413 (emphasis added).

There are some limitations to discovery in aid of execution. In Pennsylvania, discovery will not be allowed if it "would cause unreasonable annoyance, embarrassment, oppression, burden or expense to the deponent or any person or party." PA. R. CIV. P. 4011(b). In federal court, initially, it must be "proportional" to the needs of a case. FED. R. CIV. P. 26(b)(1). The court may also limit discovery that is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." FED. R. CIV. P. 26(b)(2)(C)(I). In addition, a district court should deny a discovery request in aid of execution where the information sought could not possibly lead to executable assets. *Ohntrup*, 760 F.3d at 296. It is this final limitation that is fatal to the plaintiff's motion.

## III. DISCUSSION

The plaintiff requests information needed to pierce the corporate veil of the defendant. The request does not relate to assets of the judgment debtor, Pier, but to assets of its owner, Mr. Piermattei. The plaintiff, thus, assumes that this court is able to pierce the corporate veil in this proceeding via motion, which would then possibly lead to executable assets in the hands of Mr. Piermattei. However, the court's execution power is not so broad. The court cannot pierce the corporate veil in this proceeding.

As explained above, generally, Pennsylvania law governs this post-judgment proceeding. FED. R. CIV. P. 69(a)(1). Pennsylvania law does allow a court to grant supplementary relief in aid of execution. *See* PA. R. CIV. P. 3118.[1] Nothing in Rule 3118 explicitly allows the court to reach assets of a

---

[1] This rule provides as follows:

On petition of the plaintiff, after notice and hearing, the court in which a judgment has been entered may, before or after the issuance of a writ of execution, enter an order against any party or person

(1) enjoining the negotiation, transfer, assignment or other disposition of any security, document of title, pawn ticket, instrument, mortgage, or document representing any property interest of the defendant subject to execution;

(2) enjoining the transfer, removal, conveyance, assignment or other disposition of property of the defendant subject to execution;

(3) directing the defendant or any other party or person to take such action as the court may direct to preserve collateral security

non-party to the action or to pierce the corporate veil of a limited liability company and reach assets of its owner. It does, however, allow the court to "grant[] such other relief as may be deemed necessary and appropriate." Pa. R. Civ. P. 3118(a)(6). While this might be interpreted to allow the court to grant a wide range of relief in execution proceedings, including piercing the corporate veil,[2] it has been limited by the Pennsylvania Supreme Court and does not encompass the type of relief the plaintiff will eventually seek.

In *Greater Valley Terminal Corp. v. Goodman*, the Pennsylvania Supreme Court held that an action to void a fraudulent transfer could not be maintained in supplemental proceedings pursuant to Rule 3118. 202 A.2d 89, 92 (1964). The court also held, more broadly, that "Rule 3118 authorizes

---

> for property of the defendant levied upon or attached, or any security interest levied upon or attached;
>
> (4) directing the disclosure to the sheriff of the whereabouts of property of the defendant;
>
> (5) directing that property of the defendant which has been removed from the county or concealed for the purpose of avoiding execution shall be delivered to the sheriff or made available for execution; and
>
> (6) granting such other relief as may be deemed necessary and appropriate. Pa. R. Civ. P. 3118.

[2] Though the doctrine is often called "piercing the corporate veil," it applies equally to limited liability companies in Pennsylvania. *See, e.g., Advanced Tel. Sys., Inc. v. Com-Net Prof'l Mobile Radio, LLC*, 846 A.2d 1264 (Pa. Super. Ct. 2004) (applying the doctrine to a limited liability company).

7

summary proceedings in aid of execution for the purpose of maintaining the status quo as to the judgment-debtor's property and it may be used *only* for that purpose." *Id*. at 94 (emphasis added). Thus, even though the rule allows for "such other relief as may be deemed necessary," this provision is limited to maintaining the status quo of the judgment debtor's property. *Id*. at 92–93.

In *Greater Valley* the court reasoned that it could not determine the conflicting rights to property held by third-parties based on the limited purpose of the rule and the summary nature of proceedings under the rule. *Id*. Where title was in dispute, the court emphasized the need for the safeguards of a full hearing. *Id*.; *see also Garden State Standerbred Sales Co., Inc. v. Seese*, 611 A.2d 1239, 1242 (Pa. Super. Ct. 1992); *Chadwin v. Krouse*, 386 A.2d 33, 37 (Pa. Super. Ct. 1978). The court explained, "In such cases the court [would] leave the parties to litigate their rights in a plenary action appropriate for this purpose." *Id*.

While there is an analytical distinction to be drawn between fraudulent transfers and allegations of alter-ego status, the court finds that the holding in *Greater Valley* would equally apply to attempts to pierce the corporate veil as a form of relief in supplemental proceedings. In Pennsylvania, the court starts the alter-ego analysis with the strong presumption against piercing the corporate veil. *Lumax Indus., Inc. v. Aultman*, 669 A.2d 893, 895 (Pa. 1995). "[T]he general rule is that a corporation shall be regarded as an independent entity even if its stock is entirely owned by one person." *Id*. In light of this, the

8

court begins with the proposition that Mr. Piermattei and the defendant judgment debtor are separate and that Mr. Piermattei is a third-party to this action. Any asset held by Mr. Piermattei is not that of the defendant but that of Mr. Piermattei. Any attempt to pierce the corporate veil would, therefore, require a "full dress equity" proceeding, not simply a determination, on motion, pursuant to Rule 3118. *Greater Valley*, 202 A.2d at 93.

In *Greater Valley*, the Pennsylvania Supreme Court did indicate three proceedings where title to property in the hands of third parties could be properly adjudicated: (1) in an equity action, (2) in garnishment proceedings, and (3) in proceedings brought under the Sheriff's Interpleader Act of June 22, 1931, 12 PA. STAT. 2358 *et seq.* in existence at that time. *Id.* With respect to garnishment proceedings, courts in this circuit, relying on the decision in *Jonnet v. Dollar Savings Bank*, 530 F.2d 1123 (3d Cir. 1976), have declared Pennsylvania's garnishment procedures unconstitutional when applied to assets held by a third-party alleged to be an alter-ego or in an alter-ego relationship with the judgment debtor. *See ABC Sewer Cleaning Co. v. Foxco, Inc.*, No. 90-1934, 1990 WL 139391 (E.D. Pa. Sept. 21, 1990); *Strick Corp. v. Thai Teak Products Co., Ltd.*, 493 F. Supp. 1210 (E.D. Pa. 1980); *see also Nat'l Stabilization Agreement of Sheet Metal Indus. Trust Fund v. Evans*, 71 F. Supp. 2d 427, 430–32 (M.D. Pa. 1999) (Munley, J.) (agreeing with the holding in *Strickland* and *ABC Sewer* and setting aside a writ of execution issued against an entity not named as the judgment debtor).

The court did find a Pennsylvania Superior Court case indicating that, in Pennsylvania, piercing the corporate veil would be appropriate in an action brought pursuant to Pennsylvania Rules of Civil Procedure 3201–3216, embodying the current version of the traditional sheriff's interpleader action. *See Miners, Inc. v. Alpine Equip. Corp.*, 722 A.2d 691, 694 (Pa. Super. Ct. 1998). This procedure allows for the "complete determination of the parties' rights in the subject property" and a judgment issued pursuant to Pennsylvania Rule of Civil Procedure 3213 could pierce the corporate veil of a judgment debtor. *Id*. It is unlikely, however, that this procedure would apply in federal court as interpleader actions are explicitly governed by either 28 U.S.C. §1335 or Federal Rule of Civil Procedure 22. *See* FED. R. CIV. P. 69(a)(1) (the district court must follow the procedures of the state, "but a federal statute governs to the extent it applies"). This leaves only one avenue for piercing the corporate veil of the defendant in this court, filing a new action. *Cf., e.g., Bollore S.A. v. Import Warehouse, Inc.*, 448 F.3d 317 (5th Cir. 2006) (holding that judgment creditor could not pierce corporate veil in supplemental proceedings under Texas' turnover statute); *C-Staff, Inc. v. Liberty Mut. Ins. Co.*, 571 S.E.2d 383 (Ga. 2002) (same under Georgia law); *Pyshos v. Heart-Land Dev. Co.*, 630 N.E.2d 1054 (Ill. App. Ct. 1994) (same under Illinois law);

There is nothing to indicate that the eventual relief the plaintiff seeks is possible. The plaintiff requests discovery in order to file a motion to pierce the corporate veil of the defendant and reach the assets of Mr. Piermattei. (*See*

Doc. 17 ¶7; Doc. 19 at 3). Such relief on motion would be inappropriate in light of the limitations of Pennsylvania Rule of Civil Procedure 3118 governing supplemental proceedings, which the court must adhere to pursuant to Federal Rule of Civil Procedure 69. Such relief would go beyond maintaining the "status quo" of the judgment debtor's property, *Greater Valley*, 202 A.2d at 94, and would, instead, hold a presumptively distinct third-party liable for debts of the judgment debtor. Accordingly, the plaintiff's request for discovery into the assets of Mr. Piermattei via its motion to compel, (Doc. 17), will be **DENIED** as it could not lead to execution of assets of the judgment debtor, in this case Pier. An appropriate order shall follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: April 27, 2017**
O:\Mannion\shared\MEMORANDA - DJ\MISCELLANEOUS\2014\14-0346-01.wpd